UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DENTON WORRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17-cr-00073-JAW-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 935.)  Following a guilty plea, Petitioner was convicted of one count of conspiracy to distribute and possess with the intent to distribute controlled substances; the Court sentenced Petitioner to 120 months in prison.  (Indictment, ECF No. 2; Judgment, ECF No. 656.)

Petitioner claims that the Court did not advise him of his right to appellate counsel and that trial counsel provided ineffective assistance by failing to file a notice of appeal. (Motion at 2–3.)  The Government requests summary dismissal of the motion.  (Response, ECF No. 988.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Between 2015 and 2017, members of a drug distribution conspiracy transported significant quantities of heroin, fentanyl, and cocaine base from New York and Massachusetts to Central Maine. (Amended Prosecution Version, ECF No. 456; Presentence Investigation Report (PSR) ¶ 4.) Some conspirators stayed with various Maine residents at houses where individual transactions with customers occurred. (PSR ¶ 5.) The leader of the conspiracy primarily stayed in Rochester, New York and relied upon Petitioner and another coconspirator to manage the Maine portion of the operation. (*Id.*) Law enforcement worked with confidential informants and arranged for controlled purchases; Petitioner was indicted in May 2017 and subsequently arrested. (Indictment, ECF No. 2; Initial Appearance, ECF No. 297.)

In May 2018, Petitioner pled guilty. (Change of Plea Hearing, ECF No. 492.) The guideline sentencing range was 151 to 188 months in prison. (Sentencing Transcript at 64–65, ECF No. 869.) In September 2018, the Court sentenced Petitioner to a variant sentence of 120 months. (*Id.* at 67–78, 82; Judgment, ECF No. 656.) Petitioner did not file an appeal.

**DISCUSSION**

**A.    Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence

2

"is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"[P]ro se habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on

its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.     Notice of Right to Appellate Counsel**

Petitioner acknowledges that the Court advised him of his right to appeal but faults the Court for not advising him of his right to have counsel appointed during an appeal. The district court is obligated to follow certain procedures at sentencing, including providing defendants an opportunity to speak. Fed. R. Crim. P. 32(i). The sentencing court must also provide notice to defendants of their right to appeal, including their right to proceed in forma pauperis if they are unable to pay the appeal costs. Fed. R. Crim. P. 32(j). Neither Rule 32 nor any other authority obligates the district court to advise a defendant of his or her right to counsel on appeal. Petitioner's argument thus fails.

### C.     Ineffective Assistance

Petitioner asserts his trial counsel provided ineffective assistance by failing to file a notice of appeal after Petitioner expressed an interest in appealing.  The Supreme Court explained counsel's obligation as follows:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

A defendant need not use "magic words" in order to "reasonably demonstrate" an interest in appealing; saying something that indicates a desire to pursue further relief that might be available is enough, but merely expressing displeasure at sentencing is insufficient to trigger the duty to consult about an appeal.  *Rojas-Medina v. United States*, 924 F.3d 9, 17 (1st Cir. 2019).  The term "consult" in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478.  "If counsel has consulted with the defendant . . . [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.*

Because a presumption of prejudice applies to a loss of the opportunity to pursue an appeal, "[a] defendant is not required to show that an appeal is likely to be successful . . . ." *Rojas-Medina*, 924 F.3d at 16.  In order to satisfy the prejudice prong of the *Strickland* inquiry, a defendant only needs to "demonstrate that there is a reasonable probability that,

but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega* at 484.

Petitioner has alleged that he expressed to counsel an interest in appealing. Petitioner's allegation appears sufficient to have triggered the duty to consult. Petitioner's attorney asserts that: (1) he explained the appeal process with Petitioner before sentencing, (2) he advised Petitioner of his appellate rights immediately following sentencing, at which point Petitioner said that he was satisfied with the sentence and did not want counsel to file a notice of appeal, (3) Petitioner called his attorney to discuss an appeal; counsel advised Petitioner about appellate options and appellate procedures and told Petitioner that he would file a notice of appeal if Petitioner wished, and (4) he spoke with Petitioner's mother about appeal options because she acted as an advisor and confidant during the representation, and she never instructed him to file an appeal. (Brunelle Declaration, ECF No. 989.) Counsel stresses that he repeatedly offered to file a notice of appeal if Petitioner wished, but Petitioner never directed him to do so. (*Id.*)

Counsel's assertions, which Petitioner did not refute after the filing of counsel's declaration, support the conclusion that counsel satisfied his obligation to consult with Petitioner. Although Petitioner alleges that he expressed an interest in appealing, Petitioner does not assert that counsel ignored a request or direction to file a notice of appeal. Because counsel consulted with Petitioner about an appeal, Petitioner has not established that counsel's performance was substandard.

Even if counsel's efforts to consult with Petitioner were inadequate, Petitioner has not demonstrated a reasonable probability that he would have filed an appeal. Petitioner

pled guilty, there were no significant disputed factual issues resolved against him at sentencing, Petitioner received a sentence well below the advisory guideline range, Petitioner expressed satisfaction after sentencing, and Petitioner has not identified any grounds or issues that might serve as a basis for an appeal. Although none of those factors is determinative on its own, they each reduce the likelihood that Petitioner would have chosen to file an appeal but for any deficient performance. *See DeCato v. United States*, 51 F. App'x 888, 889 (1st Cir. 2002) (highlighting guilty plea, similar sentence imposed to that of plea agreement, and "negligible prospect of success" on stated assignments of error).

In sum, Petitioner has not demonstrated, and the record would not support a finding that counsel provided constitutionally ineffective assistance.

### CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of June, 2020.